IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KEY CONSTRUCTION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2395-KHV |
| **STATE AUTO PROPERTY AND** ) | |
| **CASUALTY INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, Key Construction, Inc. ("Key Construction") brings suit against State Auto Property and Casualty Insurance Company ("State Auto"), Taylor Bros. Construction, Inc. ("Taylor Bros.") and H & W Plastering, Inc. ("H &W"). This matter comes before the Court on <u>Plaintiff's Motion To Strike Defendants State Auto Property And Casualty Insurance Company And Taylor Bros. Construction, Inc.'s Designation Of Expert Witness</u> (Doc. #40) filed July 19, 2007. For reasons stated below, the Court sustains the motion.

**Background**

Key Construction alleges that in February of 2002, it entered into a contract with Mid-America V, LLC ("Mid-America V") for the construction of a three-story office building in Oklahoma City, Oklahoma. In September of 2002, Key Construction entered into a subcontract with Taylor Bros. to perform work on the project. In November of 2002, plaintiff entered into a subcontract with H & W to perform work on the project. These subcontracts required Taylor Bros. and H & W to procure commercial general liability insurance naming Key Construction as an insured and covering bodily injury, property damage and personal injury. Taylor Bros. procured from State Auto such an insurance

policy.

In August of 2005, Mid-America V filed an arbitration demand which alleged negligence against Key Construction and implicated the work of Taylor Bros. and H & W.  Key Construction made a claim under the State Auto insurance policy, requesting that it cover and defend the claims of Mid-America V. State Auto did not agree to completely assume Key Construction's defense, but it offered the services of an Oklahoma law firm – who would also represent Taylor Bros. – to assist Key Construction's own attorney.  Key Construction also requested that under their respective subcontracts, Taylor Bros. and H & W indemnify it against Mid-America V's claims, and that they share its defense costs.  Taylor Bros. and H & W ignored these requests.

In September of 2006, Key Construction filed suit for declaratory relief.  Specifically, Key Construction seeks declarations that (1) defendants had independent duties under their respective contracts to defend and/or indemnify Key Construction; (2) defendants are obligated to pay a proportionate share of defense costs which Key Construction incurred in defending the arbitration matter; and (3) defendants have constructively refused to provide Key Construction a defense.  In their expert witness designation, State Auto and Taylor Bros. listed Tim L. Geary and described the scope of his testimony as follows:

> Mr. Geary will testify as a retained expert for defendants [State Auto] and [Taylor Bros.] Mr. Geary is an attorney licensed to practice law in Kansas and specializes in insurance defense and insurance coverage issues.  Mr. Geary will express his opinions in regards to coverage and providing an independent defense for Key Construction, Inc.
>
> This designation of expert witness is brief due to a tentative settlement of this case.  If Mr. Geary has provided any previous deposition testimony as an expert or authored any treatises in the last four (4) years, those citations will be provided to other counsel if the settlement of this case is not completed.

<u>Defendants' State Auto Property And Casualty Insurance Co. And Taylor Bros. Construction, Inc.</u>

Disclosure Of Expert Witness (Doc. #35) filed July 3, 2007 at 1-2.  Key Construction argues that the Court should strike the designation of Geary as an expert in this case.

## **Analysis**

Key Construction argues that the Court should strike Geary's designation because he intends to testify only as to matters which are within the Court's province.  The expert designation is governed by Rule 26, Fed. R. Civ. P., which provides as follows:

> [A] party shall disclose to other parties the identity of any person who may be used at trial to present [expert testimony].  Except as otherwise stipulated or directed by the court, this disclosure shall . . . be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  These disclosures shall be made at the times and in the sequence directed by the court.

Fed. R. Civ. P. 26(a)(2)(A)-(C).  As an initial matter, the Court notes that Geary's designation does not comply with Rule 26(a)(2).  Specifically, the designation does not contain any report, let alone a report which sets forth the required information.  Surprisingly, Key Construction does not challenge the expert designation on this basis.  While the designation suggests that the parties may have agreed to an abridged version pending settlement of the dispute, D. Kan. Rule 26.4(b) requires that any deviation from Rule 26(a)(2) be stipulated to "in writing and filed and approved by the court."  The record contains no evidence of such stipulation and the designation is therefore deficient.  This defect is reason enough for the Court to strike Geary's expert designation.  See Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence . . . information not so disclosed."); Hall v. United

Parcel Serv., No. 99-2467-CM, 2000 WL 554059, at *1-2 (D. Kan. Apr. 28, 2000) (striking expert designation which did not include Rule 26(a)(2) report).

Even if the Court considered the substance of Geary's expert designation, it would strike the designation as improper. Under Rule 702, Fed. R. Evid., a qualified expert may testify to scientific, technical or other specialized knowledge which will assist the trier of fact. In determining helpfulness to the trier of fact, the Court examines the specific subject areas of the proposed expert testimony to ascertain whether each is sufficiently tied to the facts of the case. See BioCore, Inc. v. Khosrowshahi, 183 F.R.D. 695, 699 (D. Kan. 1998). Any doubt as to helpfulness should be resolved in favor of admissibility. See id.

As noted above, Geary is designated to testify regarding (1) whether Key Construction was covered under the State Auto insurance contract and (2) whether State Auto fulfilled its obligation under the insurance contract to provide Key Construction with an independent defense. As to coverage, courts have generally found that expert testimony on this issue is not helpful to the trier of fact. See Lone Star Steakhouse & Saloon, Inc. v. Liberty Mutual Ins. Group, 343 F. Supp.2d 989, 1015 (D. Kan. 2004) (expert opinion regarding coverage requires construction of contract terms either (1) adequately explained without expert testimony, or (2) containing factual conclusions which jury is fully qualified to make); see also Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 410 F. Supp.2d 417, 421 (W.D. Pa. 2006) (expert opinion on contract construction not helpful in understanding coverage; such opinion is subjective and constitutes impermissible legal conclusion); Young v. State Farm Mut. Auto. Ins. Co., No. 2:97-CV-24-B-B, 1999 WL 33537177, at *2 (N.D. Miss. Feb. 16, 1999) (expert opinion as to coverage nothing more than legal conclusion). Defendants do not respond to this aspect of Key Construction's argument, and the Court finds that Geary may not testify regarding whether the State

Auto insurance contract covered Key Construction.

As to whether State Auto fulfilled its obligation to provide Key Construction an independent defense, defendants explain that Geary will testify "whether State Auto's tender of an Oklahoma City law firm fulfills its duty to provide an independent defense," including "the advantages of providing a defense attorney familiar with [Oklahoma law]." Like his opinion on coverage, Geary's opinion whether State Auto fulfilled its obligations under the insurance contract constitutes an improper legal conclusion. See Hartzler v. Wiley, 277 F. Supp.2d 1114, 1118 (D. Kan. 2003) (expert opinion that "defendants did not fulfill their contract obligation to complete the project" constitutes improper application of law to facts to form legal conclusion). Moreover, defendants do not adequately explain how testimony that an Oklahoma law firm better understands Oklahoma law would help the trier of fact to determine whether State Auto should have offered separate lawyers to Key Construction and Taylor Bros. As a legal conclusion seemingly unrelated to the issues of the case, Geary's opinion whether State Auto fulfilled its obligations under the insurance contract by providing an Oklahoma law firm would not be helpful to the trier of fact. Because none of his designated testimony would assist the trier of fact, the Court sustains the motion to strike Geary's expert designation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Strike Defendants State Auto Property And Casualty Insurance Company And Taylor Bros. Construction, Inc.'s Designation Of Expert Witness (Doc. #40) filed July 19, 2007 be and hereby is **SUSTAINED**.

Dated this 17th day of December, 2007 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge