## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KEY CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 06-2395-KHV |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 et seq., Key Construction, Inc. brought suit against H&W Plastering, Inc. ("H&W") seeking indemnification pursuant to the parties' subcontractual agreement. On March 6, 2008, after a trial on the briefs, the Court entered judgment in favor of H&W. See Judgment In A Civil Case (Doc. #75). The Court explained that it could not determine as a matter of law that the indemnification provision of the subcontract had been triggered by a prior arbitration demand. See Memorandum And Order (Doc. #74) filed March 6, 2008 at 7-8. This matter comes before the Court on Defendant's Motion For Hearing In Support Of Its Request For An Award Of Attorney's Fees And Costs (Doc. #76) filed March 20, 2008. For reasons stated below, the Court overrules the motion.

Section 2 of the DJA provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. The Tenth Circuit has recognized that this provision is "broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based on the declaratory judgment rendered in the

proceeding." Sec. Ins. Co. of New Haven v. White, 236 F.2d 215, 220 (10th Cir. 1956).  Such damages may include attorney's fees.  See id. (affirming award of attorney's fees under Section 2202); Gant v. Grand Lodge of Texas, 12 F.3d 998, 1003 (10th Cir. 1993) (district court has power in diversity case to award fees as damages under Section 2202).  The decision to award attorney's fees to the prevailing party in a declaratory judgment action is committed to the sound discretion of the district court.  Glenpool Util. Serv. Auth. v. Creek County Rural Water Dist. No. 2, 956 F.2d 277 (Table), 1992 WL 37327, at *4 (10th Cir. Feb. 25, 1992).

H&W argues that it is entitled to attorney's fees as the prevailing party in the declaratory judgment action.  The Court, however, will not award H&W attorney's fees simply because it prevailed.  See Patton v. Denver Post Corp., 379 F. Supp.2d 1114, 1116 (D. Colo. 2005) (Section 2202 cannot reasonably be read to authorize attorney's fees solely on grounds that one is prevailing party).  Under the Court's judgment, H&W is not obligated to indemnify Key Construction.  H&W does not explain why attorney's fees are necessary to effectuate the absence of such obligation.  In its discretion, the Court declines to award H&W attorney's fees and finds that a hearing on the matter is not warranted.  See D. Kan. Rule 7.2 (request for hearing on motion granted at court's discretion).  Accordingly, H&W's motion is overruled.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion For Hearing In Support Of Its Request For An Award Of Attorney's Fees And Costs (Doc. #76) filed March 20, 2008 be and hereby is **OVERRULED**.

---

[1]        To the extent that H&W seeks reimbursement of costs, it must file a separate bill of costs.  See 28 U.S.C. § 1920; D. Kan. Rule 54.1(a).

Dated this 7th day of April, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge